(85 South. 642)

No. 22799.

McCLARY et al. v. PAYNE.

(June 30, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Executors and administrators** ⟨⟩380(3)— Succession; heirs claiming invalidity of sale by one as administrator without court authority must prove fact.

Plaintiffs in a petitory action, also an action to have sale made by one of them as administrator of their deceased father declared null for want of order of court authorizing it, who failed to prove the essential allegation that the administrator's sale was not authorized by order of court, cannot recover, as it cannot be presumed the sale was not authorized.

2. **Real actions** ⟨⟩8(2)—Petitory action; plaintiffs who failed to make out title asserted in petition not entitled to judgment recognizing it.

Under Code Prac. art. 44, despite article 43, and Civ. Code, art. 2704, where plaintiffs in a petitory action, by proving that one of them, as administrator of their father, had sold the property of the succession, failed to make out title asserted by them in their petition by inheritance from their father, they were not entitled to judgment recognizing the title so asserted, though defendant, a tenant, did not specifically claim title in his answer.

3. **Costs** ⟨⟩238(1)—Defendant in petitory action who might have avoided litigation taxed with costs.

Where defendant in a petitory action, a tenant, might have avoided much of the litigation by divulging in his answer the name of his lessor, in the exercise of its discretion in taxing costs the Supreme Court will condemn defendant to pay all costs incurred to disposition of his appeal.

Appeal from Thirtieth Judicial District Court, Parish of Caldwell; Francis E. Jones, Judge.

Suit by General McClary and others against Columbus Payne. From judgment for plaintiffs, defendant appeals. Judgment annulled, and case remanded, with instructions.

J. W. Hawthorn, of Alexandria, for appellant.

Dawkins & Dawkins, of Alexandria, for appellees.

O'NIELL, J. Defendant appeals from a judgment declaring plaintiffs the owners of a tract of land containing 106½ acres, of which defendant is in possession.

Plaintiffs are the surviving sons and daughters and therefore the heirs at law of Jack McClary, who died on the 12th of May, 1914; and they claim title by inheritance

from him. They alleged in their petition that the administrator of the succession of Jack McClary, on the 19th of September, 1914, made what purported to be a judicial sale of the property claimed by them in this suit, and that the property was then adjudicated to one John R. Brown; but that he did not acquire a valid title, and was unable to convey a title to the property, because, as plaintiffs allege, the sale made by the administrator was without any order of court and was therefore null. They alleged that the defendant, Columbus Payne, was in physical possession of the property, was holding the same adversely to the rightful ownership of petitioners, and, without any legal cause, refused to deliver possession of the property to petitioners.

It appears from the record, mainly from documentary evidence attached to bills of exception reserved by defendant, that defendant was and is in possession of the property as lessee or tenant of John W. James; that James bought the property from Columbus Payne, defendant herein, and William R. Payne, on the 8th of December, 1916; and that the Paynes had acquired title, either directly or through mesne conveyances, from John R. Brown, who had bought the property at the public sale made by the administrator of the succession of Jack McClary on the 19th of September, 1914.

Plaintiffs' suit was therefore not merely a petitory action but really an action to have the sale which had been made by the administrator of the succession of their deceased father to John R. Brown declared null for want of an order of court authorizing the sale.

In his answer to the suit, defendant did not give the name of his lessor, or even allege that he occupied the property as lessee or tenant.

In answer to the allegation, contained in the fourth article of the petition, that the administrator's sale to John R. Brown was not authorized by an order of court and was therefore null, defendant alleged that the sale was preceded by a petition and order of court for the administrator to sell the property, and that the sale was therefore valid. He alleged that the order for the sale had been misplaced or lost, but that a carbon copy of the same had been preserved and that full proof that the sale was preceded by a petition and order of court would be made on trial of the case. In a supplemental answer, he alleged that his allegation that the order of sale had been misplaced or lost was made in error of fact, and that the original petition and order for the sale were extant and on file in the succession of Jack McClary, deceased.

In answer to the allegations contained in the fifth article of the petition, that he was in physical possession of the property and was holding the same adversely to the rightful ownership of petitioners, and, without any legal cause, refused to deliver the possession of the property to petitioners, defendant merely denied the allegations. On the trial of the case, defendant's denial of the allegations of the fifth article of the petition was construed by the judge as an unqualified denial that defendant was in possession of the property; and, because of that construction, the judge sustained an objection made by plaintiffs' counsel to the introduction in evidence, by defendant's counsel, of the petition and order authorizing the administrator's sale of the property to John R. Brown.

Our opinion is that defendant's general denial of the allegations of the fifth article of plaintiffs' petition might well have been construed, not merely as a denial of his possession, but as a denial that his possession was adverse to a rightful ownership on the part of petitioners, and as a denial that his refusal to deliver possession to petitioners

was "without any legal cause," as alleged by plaintiffs. In fact, there was no dispute or denial on the part of the plaintiffs that defendant was in actual possession of the property and had been in possession continuously for three years or longer, cultivating the land and raising crops on it. One of the plaintiffs, being the first witness called to the stand by the plaintiffs, testified that the defendant, Columbus Payne, was then living on the property in dispute and had been living there three years or longer, having made two crops on the place. On cross-examination, the witness was asked whether the defendant was holding possession as owner or as tenant, and counsel for plaintiffs urged the objection that the question whether the defendant occupied the property as owner or as tenant was immaterial to the issues in the case; and the court sustained the objection.

Besides the testimony of one of the plaintiffs that the defendant was and had been for three years in actual possession of the property, plaintiffs introduced the following documentary evidence, viz.: (1) An act of partition or settlement made by Jack McClary, deceased, and the plaintiffs in this suit; (2) the petition of Sam McClary, one of the plaintiffs herein, praying to be appointed administrator of the succession of his father, Jack McClary, deceased; (3) the bond filed by Sam McClary as administrator; (4) the order of court appointing and confirming Sam McClary as administrator of the succession of Jack McClary, deceased; (5) the oath filed by Sam McClary as administrator; (6) the publication of notice of the application for administration; (7) the inventory of the property of the succession of Jack McClary, deceased; (8) the petition and order for the sale of the personal effects belonging to the succession; (9) the procès verbal of the sale of the personal property of the succession; and (10) an ex parte certificate of the clerk of court "that the foregoing offerings are a true record of the succession of John (Jack) McClary, deceased."

The introduction of the certificate in evidence was objected to by defendant's counsel, on the ground that it was only an ex parte statement of the clerk as to what proceedings were had in the succession of Jack McClary, deceased, and was therefore not binding upon defendant. We do not find a copy of the certificate in the record, but take it for granted that the note of evidence is correct, and that the clerk certified merely to the fact that the first nine offerings were a true record of the succession of Jack McClary, deceased. The clerk did not certify that the documents theretofore offered in evidence constituted a complete record of the succession. Therefore, conceding that the clerk's certificate was admissible in evidence, it did not prove that the administrator's sale was not authorized by an order of court.

[1] It appears therefore that the plaintiffs, after proving or admitting that one of them, as administrator of the succession of their deceased father, had sold the property which they now claim by inheritance from him, failed to prove the essential allegation on which this suit is founded, that the administrator's sale was not authorized by an order of court. It was not to be presumed that the administrator's sale was not so authorized.

The defendant offered in evidence only five documents, all of which offerings were objected to by counsel for plaintiffs, and the objections were sustained. Defendant first offered in evidence the petition and order for the administrator's sale of the property in dispute, and the procès verbal of the sale, which documents were filed in evidence without any objection being then urged by plaintiffs' counsel. Defendant then offered in evidence the final account filed by one of the plaintiffs as administrator, together with his petition and the court's order for its publication. Thereupon plaintiffs' counsel objected

to all the evidence offered by defendant's counsel, on the ground that he had denied possession of the property in contest and had not asserted title in himself or in any one else. The objection was sustained. Defendant's counsel then offered in evidence a copy of the act of sale made by Columbus Payne and William R. Payne to J. W. James, dated the 8th of December, 1916. That evidence was also objected to by plaintiffs' counsel, on the ground that it was irrelevant and immaterial, because defendant had denied possession of the property and had not asserted ownership in himself or in any one else. The objection was sustained, and defendant's counsel reserved bills of exception to all of the rulings excluding his evidence. The case was therefore submitted on the evidence of the plaintiffs alone.

Three weeks after the defendant had asked for and had obtained an order of appeal, but before having filed an appeal bond, he filed a motion for a new trial, in which he alleged: (1) That the judgment was contrary to the law and the evidence; (2) that, although he had inadvertently denied having possession of the property, the plaintiffs themselves had proven that he was in actual possession; and (3) that he was in fact in possession as tenant of John W. James, the owner of the property, and that it was through inadvertence that he had failed to disclose in his answer the name of his lessor. He prayed, therefore, that the order of appeal be set aside and that a new trial be granted. The motion was supported by defendant's affidavit, setting forth the allegations of the motion more in detail. The judge overruled the motion for a new trial, on the ground that he had no authority to grant it after granting an order of appeal. He stated, however, in his written reasons for overruling the motion, that he would readily grant it, to allow defendant's lessor to be made party and to defend the suit, if an order of appeal had not already been granted.

In the brief filed by defendant in this court, he does not insist that the district court should have rendered a judgment of nonsuit against the plaintiffs, on the evidence introduced by them, but asks that the judgment be set aside and the case remanded to the district court with instructions to allow his lessor to be made party defendant, and that a new trial be had, in order that the lessor may defend the suit.

It is true article 43 of the Code of Practice declares that the petitory action must be brought against the party in actual possession of the property, even though he be only a lessee or tenant; and that, if the defendant be only a lessee or tenant, he must announce the name and residence of his lessor, who must be made party to the suit if he resides in the state or is represented here, and must defend it in the place of the tenant, who shall be discharged from the suit. Article 2704 of the Civil Code declares that, if a lessee be sued in a petitory action, he shall call his lessor in warranty, and shall be dismissed from the suit if he wishes it, by naming the person under whose rights he possesses. But article 44 of the Code of Practice declares that the plaintiff in a petitory action must make out his title, otherwise the possessor, whoever he be, shall be discharged from the demand.

[2] The plaintiffs in this case, by proving that one of them, as administrator of the succession of their father, had sold the property of the succession, failed to make out the title they had asserted in their petition; i. e., by inheritance from their father. They were therefore not entitled to a judgment recognizing the title which they had asserted, even though the defendant did not specifically claim title in his answer. Our opinion, therefore, is that appellant is entitled to the relief prayed for.

[3] Inasmuch as the defendant might have avoided much of this litigation by divulging in his answer the name of his lessor, we have concluded in the exercise of our discretion in the matter of taxing the costs of court, to condemn the defendant to pay all costs incurred to this date.

The judgment appealed from is annulled, and it is ordered that this case be remanded to the district court, with instructions to allow defendant's lessor, John W. James, to be made defendant herein, and to grant a new trial, to allow him to defend the suit. Appellant is to pay all costs heretofore incurred in the district court and in this court; the costs that may hereafter be incurred are to depend upon the final judgment.